IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER 978-525-8484 | Case No. 1:20- mj-127-01-AJ<br><br>**Filed Under Seal – Level II** |

## WARRANT AND ORDER OF AUTHORIZATION

**TO: Special Agents of the Federal Bureau of Investigation and Other Authorized Personnel**

**I.     Findings**

The Court hereby finds:

1.     Upon an affidavit of Special Agent Amanda Young of the Federal Bureau of Investigation ("Affidavit") and pursuant to Federal Rule of Criminal Procedure 41, there is probable cause to believe that violations of 18 U.S.C. §§ 371, 2422, 2423(a), and 1623 ("Subject Offenses") have been committed, are being committed, and will be committed by GHISLAINE MAXWELL ("Target Subject"), and that the Target Subject uses a cellular device assigned call number 978-525-8484, the ("Target Cellular Device"), which is described in Attachment A. Further, there is probable cause to believe that GHISLAINE MAXWELL has violated 18 U.S.C. §§ 371, 2422, 2423(a), and 1623.  MAXWELL was charged with these crimes on June 29, 2020 and is the subject of an arrest warrant issued on June 29, 2020.  There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting MAXWELL, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

2.     Pursuant to 18 U.S.C. § 3123(b)(1), the Government has certified that the pen register information for the Target Cellular Device is relevant to an ongoing investigation by the

Investigating Agency of the Target Subjects and others unknown in connection with suspected violations of the Subject Offenses.

NOW, THEREFORE, pursuant to Fed. R. Crim. P. 41, 18 U.S.C. §§ 3121 *et seq.*, and 18 U.S.C. § 3103a, IT IS HEREBY ORDERED:

**II.     Warrant and Order of Authorization**

3.     **Warrant.**  Law enforcement agents and other authorized law enforcement officials are hereby authorized to employ an electronic investigative technique, which is described in Attachment B, to the determine the location of the Target Cellular Device, which is described in Attachment A.

4.     **Data Collection and Retention.**  In the course of employing the technique, law enforcement agents and other authorized law enforcement officials (a) must make reasonable efforts to limit interference with cellular devices other than the Target Cellular Device, (b) must promptly delete information collected from cellular devices other than the Target Cellular Device once the Target Cellular Device is located, and (c) are prohibited from using data acquired beyond that necessary to locate the Target Cellular Device, absent further order of the Court.

5.     **Delayed Notice.**  Pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorizes the officer executing the warrant to delay in notice until 30 days from the end of the period of authorized surveillance.  This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior,

and flee from prosecution.  *See* 18 U.S.C. § 3103a(b)(1).  There is reasonable necessity for the use of the technique described above, for the reasons set forth above.  *See* 18 U.S.C. § 3103a(b)(2).

6. **Time of Execution.**   The Court authorizes execution of this Warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

7. **Sealing.**  This Warrant and Order, and the supporting Agent Affidavit, shall be sealed until further order of the Court, except that the Government may without further order of this Court: provide copies of the Warrant and Order or the supporting Application and Agent Affidavit as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

*Andrea K. Johnstone*

Honorable Andrea K. Johnstone
United States Magistrate Judge
District of New Hampshire
Concord, NH

Dated:  July 1, 2020                                          Time:  **1:30 PM, Jul 1, 2020**

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number 978-525-8484, whose wireless provider is AT&T, and whose listed subscriber is "G Max."

## **ATTACHMENT B**

Pursuant to an investigation of GHISLAINE MAXWELL for a violation of 18 U.S.C. §§ 371, 2422, 2423(a), and 1623, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).